DISTRICT COURT OF THE UNITED STATES
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
MISC. NO. 3:11MC046

IN RE: Request for International Judicial )
Assistance from the National First )
Instance Labor Court No. 16 of )
Buenos Aires, Argentina: in the ) **ORDER**
Matter of Cababie Ramon Eduardo )
v. Dominion Nonwovens )
Sudamericana, S.A., et al. )
_____ )

THIS MATTER is before the Court upon application of the United States (Doc. No. 1), and the Court having read and considered the letter (Exhibit 1), from the National First Instance Labor Court No. 16, Argentina seeking evidence for use in a judicial proceeding in Argentina, and it appearing that the requirements of 28 U.S.C. § 1782 have been satisfied,

IT IS HEREBY ORDERED, pursuant to the authority conferred by 28 U.S.C. § 1782 and this Court's inherent authority, that Assistant United States Attorney Edward R. Ryan (or a substitute or successor subsequently designated by the Office of the United States Attorney), be appointed as Commissioner of this Court and hereby directed to take such steps as are necessary to collect the evidence requested. In doing so, the Commissioner is not required to follow the Federal Rules of Civil Procedure and the following rules shall govern:

1. the Commissioner may issue commissioner's subpoenas to be served on persons (natural and artificial) within the jurisdiction of this Court ordering them or their representatives to appear and to testify and produce evidence located within the United States;

2. the Commissioner shall provide notice with respect to the collection of evidence to those persons identified in the request as parties to whom notice should be given (and no notice to any other person shall be required);

3. the Commissioner shall adopt procedures to collect the evidence requested consistent with its use as evidence in a proceeding before a tribunal in the requesting forum, which procedures may be specified in the request or provided by the requesting court or authority or by a representative of the requesting country;

4. the Commissioner, in collecting the evidence requested, may be accompanied by persons whose presence or participation is authorized by the Commissioner, including, without limitation, representatives of the requesting forum who, as authorized or directed by the Commissioner, may direct questions to any witness;

5. any person from whom the Commissioner seeks to collect evidence may oppose the giving of evidence, or the circumstances thereof, by motion timely filed with this Court, a copy of which shall be provided contemporaneously to the Commissioner;

6. the Commissioner may seek such further orders of this Court as may be necessary to execute this request, including:

    a. orders to show cause why persons served with commissioner's subpoenas who fail to produce evidence should not be held in contempt, and

    b. protective orders to regulate the use of the evidence collected;

7. the Commissioner shall certify and submit the evidence collected to the Office of Foreign Litigation, Civil Division, United States Department of Justice, or as otherwise directed by that office for transmission to the requesting court or authority; and

8. the Commissioner may provide copies of the evidence collected to persons identified in the request as parties to whom such copies should be given (and to no other persons).

IT IS SO ORDERED.

Signed: May 19, 2011

*Frank D. Whitney*
**Frank D. Whitney**
**United States District Judge**